Eastern Dist.
*June*, 1828.

*KIRKLAND* vs. *HIS CREDITORS.*

When a creditor lays claim to a better place on the tableau, it may be opposed by any other thereafter.

He who pays the note of another, cannot avail himself of the mortgage the latter had given for the benefit of his endorser, unless the mortgage be assigned him

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. Ingram, who was placed on the tableau of distribution as a chirographary creditor, opposed the homologation, and prayed to be placed as a mortgagee or privileged creditor. His opposition was dismissed, and he appealed.

His counsel has first called our attention to a bill of exceptions.

It appears, that when the application of this opposing creditor was heard, three other creditors of the insolvent filed their opposition to his pretensions to the rank of mortgagee creditor. He resisted the filing of their opposition on the following grounds:

1st. All oppositions to the tableau of the syndic, and the claims or oppositions of creditors to each other, must be filed within ten days from the notification of the filing of the tableau of distribution. 2d, Because the appellant had come into court to prove his claim and his right to a higher rank, and had no warning to come prepared to disprove the allegations in the opposition now made to his pretensions by these creditors, except by an oral

Eastern Dist.
*June*, 1828.

KIRKLAND
*vs.*
HIS CREDI-
TORS.

communication from their counsel, and therefore he was taken by surprise.

The district court overruled these objections and he excepted to its opinion.

It does not appear to us the district court erred. In a *concourse*, all the insolvent's creditors are plaintiffs and defendants: and any one who thinks he or any other creditor is improperly placed on the tableau, must file his claim or his opposition within ten days. But when a claim to a better-place is set up within ten days, it may thereafter be opposed by any creditor who deems it urgent, and he cannot be said to be *in mora*, because no notice was given of the claim he opposes.

If the appellant was taken by surprise, and wanted evidence to disprove the facts alleged in opposition to his pretensions, he ought to have made his affidavit and claimed a continuance; but he had no right to oppose the filing of the opposition.

The appellant claimed to be ranked as a mortgagee creditor, as assignee of a mortgage given on the 14th of September, 1825, by the insolvent to Browder and others, endorsers of a note of his, which became payable on the 30th of May, 1826, to indemnify from the con-

Eastern Dist.
June, 1828.

KIRKLAND
vs.
HIS CREDI-
TORS.

sequences of their liability.   The mortgagees having declined to aid the insolvent in the renewal of the note, the appellant furnished his check payable to the insolvent, with which the note was paid, the 30th April, 1826.

On the 5th of January, 1827, Browder and others assigned the mortgage the insolvent had given them to the appellant and Croft, "for and in consideration of their having taken up a note of the insolvent on which they (Browder and others) were endorsers."

We do not see that the district court erred. Nothing shews, that previous to the appellant's relieving the insolvent, any agreement took place by which an assignment of the note was stipulated.   The endorsers were discharged by the payment of the note if it was made by the insolvent, or by the expiration of the time during which it might have been usefully protested, if purchased by a third person before its maturity, if no protest took place; and their discharge destroyed the effect of the mortgage.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Watts* for the appellant.